# In the United States Court of Federal Claims

No. 19-55C

UNPUBLISHED

(E-Filed: March 8, 2019)

| | |
|---|---|
| ANHAM FZCO and ANHAM USA, INC, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant, <br><br> and <br><br> KGL FOOD SERVICES WLL, <br><br> Intervenor-defendant. | Post-Award Bid Protest; Intervention as of Right; RCFC 24(a)(2); Permissive Intervention; RCFC 24(b)(1). |

## OPINION

CAMPBELL-SMITH, J.

On February 20, 2019, Intermarkets Alliance and USFI, Inc., Joint Venture (Intermarkets or IMG), filed a motion seeking to intervene in this bid protest case, ECF No. 76. Intermarkets represents that plaintiff does not oppose its intervention. See id. at 1. Defendant filed a response to Intermarkets' motion, ECF No. 78, but intervenor-defendant did not. Intermarkets then filed a reply in support of its motion, ECF No. 85. The motion to intervene is now ripe for ruling, and for the following reasons, is **DENIED**.

I.   Background

As alleged in the complaint, since 2010, plaintiffs have performed under contracts with the Defense Logistics Agency (DLA) "for the distribution of food and other

subsistence products to U.S. forces performing combat or support operations in Iraq, Kuwait, Jordan, Syria, and Afghanistan." ECF No. 29 at 6.  In December 2015, DLA issued a request for proposals for the contract covering the Kuwait region.  Id. at 7.  DLA awarded the contract to intervenor-defendant in January 2018, and plaintiffs filed a protest with the Government Accountability Office (GAO).  See id.  The GAO determined that corrective action was appropriate.  Id.  Following the corrective action, DLA again awarded the contract to intervenor-defendant, and on the same day, issued plaintiffs a notice of suspension.  Id. at 8-10.  Plaintiffs now challenge both the suspension and the award decision.  See id.

Intermarkets, the party seeking to intervene, has filed a separate bid protest in this court relating to the same solicitation involved in this case.  See Intermarkets Alliance and USFI, Inc., JV v. United States, Case No. 19-114C.  Intermarkets argues that it is entitled to intervene because it "has an interest in the transaction, that may be affected by this litigation, and no other party can be expected to represent [Intermarkets'] unique interests in this matter."  ECF No. 76 at 3.  In the alternative, Intermarkets makes the following argument that it should be permitted to intervene:

> These protests do not raise the exact same grounds, or present them in the exact same way.  But there are common questions of law and fact, that would be most efficiently addressed by ensuring all of the parties to [Intermarkets Alliance and USFI, Inc., JV v. United States, Case No. 19-114C] and this case may be heard.

Id.  Intermarkets offers no substantive argument on either intervention as of right or by permission.

In response, defendant argues that:  (1) the motion to intervene is untimely, ECF No. 78 at 3-4; (2) Intermarkets does not have the requisite legal interest to establish a right to intervene, id. at 4-6; (3) the questions of law and fact are not sufficiently common to justify permissive intervention, id. at 6; and (4) it is inappropriate to allow Intermarkets access to the sealed record in this case because it contains sensitive information related to plaintiffs' suspension, id. at 7.

In its reply, Intermarkets challenges defendant's decision "not to provide a complete record in IMG's related protest."  ECF No. 85 at 2.  Intermarkets also explains that it:

> has no interest in filing excessive or duplicative pleadings.  In fact, IMG would agree to seek leave of the Court before making any pleadings in this case.  But Defendant cannot deprive IMG of its interest in ANHAM's suspension by excluding IMG from this litigation and at the same time withholding relevant records from IMG's protest.

Id. at 2-3.  Finally, Intermarkets argues that "judicial efficiency would be best served by both cases having the same records, and all parties being heard on all issues in which they have an interest."  Id. at 3.

II.     Legal Standards

Under Rule 24 of the Rules of the United States Court of Federal Claims (RCFC), the court may allow a party to intervene as of right, or permissively.  Rule 24 provides, with respect to intervention as of right, in relevant part, as follows:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

See RCFC 24(a)(2).  The United States Court of Appeals for the Federal Circuit has elaborated on these requirements for establishing a right to intervene.

> First, the motion must be timely. Second, the movant must claim some interest in the property affected by the case.  This interest must be "legally protectable"—merely economic interests will not suffice.  Third, that interest's relationship to the litigation must be "of such a _direct_ and _immediate_ character that the intervenor will either gain or lose by the _direct_ legal operation and effect of the judgment."  Fourth, . . . the movant must demonstrate that said interest is not adequately addressed by the government's participation.

Wolfsen Land & Cattle Co. v. Pac. Coast Fed. of Fishermen's Ass'n, 695 F.3d 1310, 1315 (Fed. Cir. 2012) (quoting Am. Mar. Transp. v. United States, 870 F.2d 1559, 1560-62 (Fed. Cir. 1989)).

With regard to permissive intervention, the court has broad discretion.  See John R. Sand & Gravel Co. v. United States, 59 Fed. Cl. 645, 657 (2004) ("The court has broad discretion in deciding whether to allow permissive intervention.") (citation omitted), aff'd sub nom. John R. Sand & Gravel Co. v. Brunswick Corp., 143 F. App'x 317 (Fed. Cir. 2005).  The rule provides, in relevant part:  "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  RCFC 24(b)(1)(B).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  RCFC 24(b)(3).

III.     Analysis

Intermarkets has made no substantive argument in favor of intervention. While it recites the requirements for both intervention as of right, pursuant to RCFC 24(a)(2), and permissive intervention, pursuant to RCFC 24(b)(1), it makes no effort to demonstrate to the court how those rules apply to the facts of this case. Instead it simply states, in a conclusory manner, that the required "conditions are met" and "there are common questions of law and fact." ECF No. 76 at 3.

Intermarkets' reply makes clear the reason for this lack of substance. As noted above, Intermarkets states that it:

> has no interest in filing excessive or duplicative pleadings. In fact, IMG would agree to seek leave of the Court before making any pleadings in this case. But Defendant cannot deprive IMG of its interest in ANHAM's suspension by excluding IMG from this litigation and at the same time withholding relevant records from IMG's protest.

ECF No. 85 at 2-3. It appears that Intermarkets' purpose in seeking to intervene in this action is not so much that it believes it has an argument to make to the court in the context of the present dispute, but more that it wants access to the protected record in this case. That is simply not a valid basis for intervention either by right or by permission.

The court also notes that Intermarkets has filed a motion challenging the content of the administrative record filed by defendant in <u>Intermarkets Alliance and USFI, Inc., JV v. United States</u>, Case No. 19-114C. <u>See</u> Case No. 19-114, ECF No. 71 (motion to complete and supplement the administrative record). In that motion, Intermarkets makes the same argument as it does in the motion to intervene—that it should have access to the record related to ANHAM's suspension. <u>See</u> <u>id.</u> at 3-4. This motion to correct and supplement the administrative record is the proper vehicle through which Intermarkets should argue that it is entitled to access additional information, and the court will rule on that motion when it is ripe for decision.

IV.     Conclusion

For the foregoing reasons, Intermarkets' motion to intervene, ECF No. 76, is **DENIED**.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith<br>
PATRICIA E. CAMPBELL-SMITH<br>
Judge